IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.D.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WILLIAM VANDERWEKEN, ET AL.,<br><br>　　　　　Defendants. | Case No. 3:24-cv-06867 (CRB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This is the second motion to dismiss in a childhood sexual abuse case from Lake County. Plaintiff A.D. alleges that she was sexually abused by her foster and later adoptive father, William Vanderweken. Because the County was involved in her placement in that abusive household, A.D. sued Lake County and one hundred unidentified county officials for violating her constitutional rights and breaching mandatory duties of care under state law.[1] The Court granted Lake County's first motion to dismiss with leave to amend because the complaint was untimely and failed to plausibly allege a § 1983 claim. A.D.'s amended complaint again falls short of the mark. Accordingly, the Court GRANTS Lake County's motion to dismiss, this time without leave to amend.

**I.    BACKGROUND**

　　**A.    The Sexual Abuse Allegations**

A.D. alleges all of the following. Upon removal from her biological parents' care, Defendant Lake County placed A.D. in foster care with William Vanderweken and

---

[1] A.D. also sued her adoptive parents, who are not part of the pending motion. Like the first motion to dismiss, only Lake County has moved to dismiss A.D.'s claims against it. A.D's adoptive parents have not appeared, and Lake County does not address A.D.'s claims against them.

Elizabeth Yepiz when she was about seven years old; Vanderweken and Yepiz later adopted her. Am. Compl. (dkt. 36) ¶¶ 15–16. Starting at age twelve and continuing until A.D. was in the tenth grade, Vanderweken "repetitively sodomized" A.D. "on an ongoing basis" approximately one to three times per week. Id. ¶ 19. Vanderweken continued to sexually assault A.D. "in various ways" thereafter, until August 2022 when the abuse stopped.[2] Id. A.D. has suffered and will suffer from significant emotional and mental distress because of the prolonged sexual abuse. Id. ¶ 21. A.D. alleges, on information and belief, that she "discovered or reasonably should have discovered" after September 2022 when she moved away from Vanderweken's home that the abuse caused her psychological injuries. Id. ¶ 13.

### B. Procedural History

A.D. sued Vanderweken, Yepiz, Lake County, and one hundred unidentified persons (Does 1–100) on September 30, 2024, alleging six causes of action.[3] Orig. Compl. (dkt. 1). A.D.'s first three claims alleged that Lake County and Does 1–100 deprived her of due process rights under the Fourteenth Amendment, entitling her to relief under 42 U.S.C. §§ 1983 and 1985. Id. ¶¶ 16–36. A.D. described her fourth claim as a "Monell-Related Claim," alleging that Lake County's policies, customs, or practices violated her constitutional rights under § 1983. Id. ¶¶ 37–43 (citation modified). A.D.'s fifth claim alleged that Lake County and Does 1–100 breached mandatory duties of care under California law. Id. ¶¶ 44–54. A.D.'s sixth claim alleged that Vanderweken, Yepiz, and Does 21–100 were negligent in caring for A.D. Id. ¶¶ 55–59.

---

[2] Vanderweken pleaded no contest to many sexual abuse charges and was sentenced to a term in state prison in June 2024. People v. Vanderweken, No. CR969113 (Cal. Super. Ct. Lake Cnty. June 24, 2024).
[3] A.D. alleges that Does 1–20 are current or former Lake County employees. Am. Compl. ¶ 3. She alleges that Does 21–100 are current or former "people, corporations, government entities, and others whose names and bases for liability are currently unknown." Id. ¶ 4. The County's motion to dismiss does not address the claims against the Doe defendants.

2

1  This Court granted Lake County's first motion to dismiss because A.D.'s federal claims were untimely and legally insufficient. Order (dkt. 35). The Court's order made no reference to A.D.'s state-law claims. See id. A.D. amended. See Am. Compl.

A.D.'s amended complaint largely alleges the same six causes of action.[4] See id. Lake County moves to dismiss the amended complaint on the same grounds. See Mot. (dkt. 37).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in a complaint. Ileto ex rel. Ileto v. Glock Inc., 349 F.3d 1191, 1199–200 (9th Cir. 2003). Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). A court must accept all factual allegations as true but may ignore "legal conclusions couched as factual allegations." Id. (citation modified). Additionally, if a complaint "shows that relief is barred by the applicable statute of limitations," it is "subject to dismissal for failure to state a claim" under Rule 12(b)(6). Jones v. Bock, 549 U.S. 199, 215 (2007) (citation modified).

## III. DISCUSSION

Lake County moves to dismiss A.D.'s amended complaint for the same reasons as the original complaint. The Court need only address two.

First, the County argues that A.D.'s § 1983 claims are untimely. Mot. at 4–7. Second, it argues that the Court should dismiss A.D.'s state-law claims for lack of

---

[4] A.D. brings her federal claims under § 1983. She voluntarily dropped her § 1985 claims. See Opp'n to First Mot. to Dismiss (dkt. 29) at 9 (conceding dismissal).

3

1  supplemental jurisdiction if it dismisses the federal claims. Id. at 9–10. Both arguments
2  are correct and justify dismissal of the entire complaint.

### A. Timeliness of the Federal Claims

Lake County argues that A.D.'s complaint is untimely because (1) she filed her complaint after the applicable statute of limitations expired and (2) she did not plausibly allege facts supporting the tolling of her claim. Mot. at 4–7. The Court agrees.

#### 1. Statute of Limitations

The applicable statute of limitations for a § 1983 claim is to be "governed by state law." Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999) (quoting Wilson v. Garcia, 471 U.S. 261, 269 (1985)). "In the event that the state has multiple statutes of limitations" for personal injuries, "courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Id. (citation modified) (quoting Owens v. Okure, 488 U.S. 235, 250 (1989)). For sexual abuse claims brought under § 1983, California's two-year statute of limitations for personal injuries applies. Doe #1 M.L. v. San Bernardino Sheriff Dep't, 753 F. Supp. 3d 1024, 1028 (C.D. Cal. 2024); see Cal. Civ. Proc. Code. § 335.1 (West 2025).

Though state law governs the applicable statute of limitations for § 1983 claims, "federal law governs when a claim accrues." Soto v. Sweetman, 882 F.3d 865, 870 (9th Cir. 2018) (citing Wallace v. Kato, 549 U.S. 384, 388 (2007)); see also Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) ("Accrual is the date on which the statute of limitations begins to run."). In § 1983 claims involving assault, the claim accrues when the alleged assault occurs, so long as the plaintiff knows of her injuries at that time. Soto, 882 F.3d at 871.

A.D. does not allege that she was unaware of the assaults when they occurred. She alleges that her last assault took place in August 2022, more than two years before her September 30, 2024 filing date. Am. Compl. ¶ 19. A.D. does not contest the applicability of the two-year statute of limitations. See Opp'n (dkt. 38) at 2. Thus, absent tolling,

4

A.D.'s complaint is untimely under the applicable two-year California statute of limitations.

### 2. Tolling

Though federal law dictates which California statute of limitations to apply, state tolling provisions can still delay when the time limit begins to run. See Bd. of Regents v. Tomanio, 446 U.S. 478, 484–85 (1980). A.D. points to California's childhood-sexual-assault statute of limitations as the applicable tolling provision. She points to this statute because most of the alleged assaults occurred before she reached the age of majority in April 2020. See Am. Compl. ¶ 10. The applicable section reads:

> In an action for recovery of damages suffered as a result of childhood sexual assault, the time for commencement of the action shall be within 22 years of the date the plaintiff attains the age of majority or within five years of <u>the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual assault</u>, whichever period expires later.

Cal. Civ. Proc. Code § 340.1(a) (West 2025) (effective 2020–2022) (citation modified) (emphasis added).[5] The California Supreme Court has concluded that, in addition to a time limit applicable to state childhood sexual assault claims, section 340.1 creates "a separate and distinct date for the beginning of the limitations period" in cases with latent psychological injuries—that is, tolling. Rubenstein v. Doe No. 1, 3 Cal. 5th 903, 912–13 (2017) (citation omitted); see also A.G. v. County of Siskiyou, No. 2:24-cv-01375-DJC-CKD, 2024 WL 4682417, at *3 (E.D. Cal. Nov. 5, 2024) (recognizing that section 340.1 "provide[s] both a limitation period for claims based on childhood sexual abuse and a basis for tolling such claims"). Although section 340.1 allows claims brought within twenty-two years of adulthood or within five years of delayed psychological discovery, courts

---

[5] Effective January 1, 2024, the Legislature revised section 340.1 to eliminate the time limit and tolling provisions for childhood sexual assault claims. See Cal. Civ. Proc. Code § 340.1 (West 2025) (effective 2024). The parties agree that this version does not apply to A.D.'s claim. See Mot. at 6; Opp'n at 3. They cite to differing previous versions, but there is no material difference between them. As the statute in effect when A.D. reached the age of majority and the date of her most recent assault, the Court uses the 2020–2022 version.

5

adjudicating § 1983 claims disregard these time limits in favor of California's two-year general limit. See Silva, 169 F.3d at 610; M.L., 753 F. Supp. 3d at 1028.

Section 340.1's "separate and distinct" tolling provision still applies for § 1983 claims. See Rubenstein, 3 Cal. 5th at 912 (citation omitted); Tomanio, 446 U.S. at 484–85. While that tolling provision appears in the same sentence as a five-year time limit, courts engage in a piecemeal maneuver where the section 340.1 tolling provision tolls the section 335.1 two-year general statute of limitations. See A.G., 2024 WL 4682417, at *3. So, the latest A.D.'s clock could have started running was when she discovered her psychological injury, but her clock was for two years, not five or twenty-two.

A.D. sued Lake County on September 30, 2024. Therefore, for her claim to be timely, she must plausibly allege that she discovered her assault-related psychological injury after September 30, 2022.[6] See Gregg v. Haw., Dep't of Pub. Safety, 870 F.3d 883, 889 (9th Cir. 2017).

This Court granted Lake County's first motion to dismiss because A.D. did not plausibly allege that she suffered a latent psychological injury within two years of her September 30, 2024 complaint. Order at 1. On that point, A.D. now alleges that her two-year time limit started

> at a date later [than August] in the year 2022 as Plaintiff discovered or reasonably should have discovered that her psychological injury or illness occurring after the age of majority was caused by the childhood sexual assault. Plaintiff is informed and believes that Plaintiff discovered or reasonably should have discovered that her psychological injury or illness occurring after the age of majority was caused by the childhood sexual assault after September 2022 when she moved away from the home of William Vanderweken and Elizabeth Yepiz and more of her family members became aware of the abuse.

Am. Compl. ¶ 13. Though A.D. now nominally alleges that she discovered her

---

[6] Though section 340.1 only contemplates tolling for delayed discovery stemming from <u>childhood</u> abuse, every version of neighboring section 340.16 contains a materially identical tolling provision for adult sexual assault. See Cal. Civ. Proc. Code § 340.16(a)(2) (West 2025). Thus, whether her alleged psychological injury stems from assaults before or after her age of majority is immaterial.

6

psychological abuse within the two-year period before filing suit, her allegation is little more than a "threadbare recital" of the tolling provision's elements and therefore not entitled to a presumption of truth. See Iqbal, 556 U.S. at 678–79 (citation modified). A.D.'s move away from Vanderweken's home is the only factual support she presents. See Am Compl. ¶ 13. But this does not explain why her discovery was delayed nor why she needed to move away to understand her injury; it does not "nudge" her claim "across the line from conceivable to plausible." See Iqbal, 556 U.S. at 680 (citation modified).

Worse yet, A.D. alleges this post-September 2022 discovery of her psychological injury on information and belief. Am. Compl. ¶ 13. "Pleading facts alleged upon information and belief" is typically permitted when "the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability possible." Soo Park v. Thompson, 851 F.3d 910, 928–29 (9th Cir. 2017) (citation modified). A.D.'s delayed discovery of her own latent psychological injury is within her own control, as the Court explained at the motion hearing, and she presents no allegations supporting her delayed discovery in any case. Her allegation of delayed discovery, made on information and belief and parroting section 340.1's "discovered or reasonably should have discovered" language, is conclusory. See Iqbal, 556 U.S. at 677–78; cf. Lent v. Doe, 40 Cal. App. 4th 1177, 1186 (1995) (concluding that a plaintiff sufficiently alleged a section 340.1 delayed discovery claim by pleading facts about why he reasonably internalized and suppressed the psychological illness for years and how he later realized his illness only after beginning counseling).

Accordingly, the Court GRANTS Lake County's motion to dismiss A.D.'s § 1983 claims with prejudice because they are barred by the applicable statute of limitations and because A.D. failed to correct this flaw when the Court previously allowed her to do so.

### B.   State-Law Claims

A.D. also alleges that Lake County breached mandatory duties of care under California law. See Am. Compl. ¶¶ 45–55. A.D. asserts only federal-question jurisdiction under 28 U.S.C. § 1331 in her complaint; any state-law claims would therefore fall under

7

the Court's supplemental jurisdiction. See Am. Compl. ¶ 1; 28 U.S.C. § 1367(a). But where the Court "has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over the remaining claims. § 1367(c)(3). Lake County argues that the Court should accordingly decline jurisdiction over the state-law claims. Mot. at 9–10. Because the Court dismissed the federal claims, and because it is early in the litigation and not judicially inefficient to dismiss the state law claims, the Court declines supplemental jurisdiction. See Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1989). Accordingly, the Court GRANTS Lake County's motion to dismiss the state-law claims without leave to amend in this Court, but without prejudice to A.D.'s ability to bring the claims in state court.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss on all claims without leave to amend.

**IT IS SO ORDERED.**

Dated: August 11, 2025

CHARLES R. BREYER
United States District Judge